**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| SILVIA JULIANA DELGADO PINTO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00057-TWP-KMB |
| | ) | |
| KRISTI NOEM, | ) | |
| PAMELA BONDI, | ) | |
| SAMUEL OLSEN, | ) | |
| SCOTT A. MAPLES, JR., | ) | |
| Respondents. | ) | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Silvia Juliana Delgado Pinto ("Delgado Pinto"), is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on February 4, 2026. (Dkt. 1). Delgado Pinto and is detained at the Clark County Jail in Jeffersonville, Indiana. She petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. *Id*. at 8. For the reasons explained below, the Court grants the petition to the extent that no later than **March 24, 2026**, Respondents must either: (1) afford Delgado Pinto an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Delgado Pinto from custody, under reasonable conditions of supervision.

## I.    BACKGROUND

Delgado Pinto  is a citizen of Colombia who entered the United States without inspection or parole on or about March 20, 2023, near Lukeville, Arizona. (Dkt. 10-1 at 1). The next day, Customs and Border Patrol ("CBP") arrested her  in Arizona and initiated removal proceedings by serving her with a Notice to Appear (Form I-862) and instruction to report before an Immigration

Judge on April 19, 2023. *Id.* Delgado Pinto  was released on a $1,500.00 immigration bond on April 3, 2023. (Dkt. 10-2 at 3; dkt. 10-3 at 1-2).

On October 12, 2025, Delgado Pinto  was arrested in DuPage County, Illinois, for driving under the influence and other traffic offenses. (Dkt. 10-4 at 3). She was convicted of driving under the influence and was sentenced to 12 months of court supervised release in DuPage County Court, Illinois, on January 27, 2026. *Id.* On February 4, 2026, Delgado Pinto was arrested in Chicago, Illinois by ICE ERO Fugitive Operations officers. *Id.* at 2.  She was arrested pursuant to a warrant (Form I-200) the same day. (Dkt. 10-5). ICE cancelled Ms. Delgado's immigration bond on February 4, 2026, because she was taken into custody and the bond was satisfied. (Dkt. 10-4 at 3). ICE determined that Delgado Pinto could be held without bond.

The Notice to Appear charges Delgado Pinto with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i)] as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (Dkt. 10-1 at 1). The "arriving alien" checkbox is unmarked. *Id.*

## II.    DISCUSSION

Delgado Pinto  claims that her current detention violates the INA (Count I) and the Due Process Clause of the Fifth Amendment (Count II). (Dkt. 1 at 6-7). Respondents argue that Delgado Pinto is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A) and that her detention is constitutional. (Dkt. 10). The Court finds that Delgado Pinto 's detention is governed by § 1226(a) and that it is unlawful because she has not been afforded a bond hearing. Because Delgado Pinto  is entitled to habeas corpus relief on these grounds, the Court need not address her other arguments.

### A.  8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—

> (1) may continue to detain the arrested alien; and

> (2) may release the alien on—

> (A) bond . . . ; or

> (B) conditional parole . . ..

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976,

3

982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Delgado Pinto  is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Delgado Pinto is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than

4

undocumented aliens like Delgado Pinto who have lived in the interior of the United States for years. *See Mohammed v. Olson*, No. 1:25-CV-02404-TWP-MKK, 2025 WL 3541819, at *3-*5 (S.D. Ind. Dec. 10, 2025); *see also Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424, *3-5 (S.D. Ind. Oct. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

The Respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." (Dkt. 10 at 9-10). Notably, the Respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." (Dkt. 10 at 10-11); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503-04 (5th Cir. 2026). This Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.[1] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

5

violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. Because neither *Buenrostro-Mendez* nor the other cases cited by the respondents are binding on this Court, the Court declines to depart from its previous reasoning.

Accordingly, the Court concludes that Delgado Pinto is entitled to a bond hearing under § 1226, and it declines to reach her other arguments.

### III.    SCOPE OF RELIEF

Delgado Pinto is entitled to habeas relief because her continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Delgado Pinto requests immediate release from custody. (Dkt. 1 at 8). Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Delgado Pinto's immediate release and instead orders Respondents to provide her an individualized bond hearing as required by § 1226(a) and its regulations.

### IV.    CONCLUSION

The Court grants the petition to the extent that no later than **March 24, 2026**, Respondents must either: (1) provide Delgado Pinto with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Delgado Pinto from custody, under reasonable conditions of supervision. No later than **March 27, 2026**, Respondents

6

must file documentation certifying that they have provided Delgado Pinto  with a bond hearing or released her from detention. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 3/17/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

7