UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SILVIA JULIANA DELGADO PINTO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00057-TWP-KMB |
| | ) | |
| KRISTI NOEM, | ) | |
| PAMELA BONDI, | ) | |
| SAMUEL OLSEN, | ) | |
| SCOTT A. MAPLES, JR., | ) | |
| | ) | |
| Respondents. | ) | |

**Order on Motion to Enforce**

On March 17, 2026, the Court granted Petitioner Silvia Juliana Delgado Pinto's petitioner for writ of habeas corpus and ordered the respondents to either (1) provide her "with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(c) and its regulations," or (2) release Ms. Delgado Pinto from custody. Dkt. 13 at 6. The Court entered final judgment. Dkt. 14. Ms. Delgado Pinto has filed a motion to enforce the judgment. Dkt. 17. For the reasons below, the Court orders both sides to supplement the record.

## I.      Background

On March 24, 2026, Immigration Judge Valerie Burch denied Ms. Delgado Pinto's request for release on bond, finding that she is a flight risk. (Dkt. 19-1). Judge Burch stated that this decision was made "[a]fter full consideration of the evidence presented" and that "[t]he Court orally provided detailed reasoning for the decision." *Id.*

Ms. Delgado Pinto presents the following narrative. Ms. Delgado Pinto was scheduled for a bond hearing at the Indianapolis Immigration Court at 1:00 p.m. on March 24. Dkt. 17 at 1. Ms. Delgado Pinto's counsel, Ms. Elisa T. Drew, filed her appearance before the immigration court

on March 20, but due to a scheduling conflict she could not attend. *Id*. Instead, Mr. Nathaniel Hsieh appeared on behalf of Ms. Delgado Pinto. *Id*. On March 23, Ms. Drew submitted evidence supporting Ms. Delgado Pinto's bond request through the immigration court's electronic filing system, which showed that the submission was accepted. *Id*. at 2.

Ms. Delgado Pinto's hearing was delayed until 4:45 p.m. on March 24, 2026. Mr. Hsieh informed the immigration judge that he filed an appearance and that evidence supporting the bond request had been submitted to the court. *Id*. The Judge Burch stated that she did not see either the evidence or Mr. Hsieh's appearance and denied bond. *Id*. According to Ms. Delgado Pinto's motion, Judge Burch commented:

> If the Respondent . . . wishes to have her evidence [inaudible], perhaps she should request it with the District Court to give her more time if she needs more time to file her evidence. As it stands, this Respondent has filed zero evidence to establish that she does not pose a danger to the community or risk of flight. The Court finds that she has failed to meet her burden and denies her request to be released on bond.

*Id*.

Respondents do not challenge any of the above, though they appear to argue that Judge Burch reviewed the submitted evidence. Dkt. 19 at 5. The Order denying bond states that it was held pursuant to 8 C.F.R. § 1236. *Id*. at 2; dkt. 19-1. As of April 7, Ms. Delgado Pinto had not appealed the bond hearing decision. Dkt. 19 at 2.

## II.    Analysis

Respondents argue that this Court lacks jurisdiction to set aside the immigration judge's bond decision, that the Court should require Ms. Delgado Pinto to exhaust her administrative remedies, and that, on the merits, Ms. Delgado Pinto received the Court-ordered bond hearing. Dkt. 19. The Court will first determine whether it has jurisdiction to hear this dispute, before turning to the exhaustion argument.

## A. Jurisdiction

The Seventh Circuit has directed that "[w]hen a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." *Jensen v. Pollard*, 924 F.3d 451, 454 (7th Cir. 2019) (citing *Hudson v. Lashbrook*, 863 F.3d 652, 656 (7th Cir. 2017)). That is precisely the situation presented here. Thus, it appears that the Court can decide whether the respondents provided Ms. Delgado Pinto the "individualized bond hearing before an immigration judge pursuant to § 1226(a) and its regulations" as ordered. Dkt. 13.

However, this must be reconciled with 8 U.S.C. § 1226(e), which, as Respondents highlight, "limits this Court's ability to set aside the denial of bond." Dkt. 19 at 2; *see also* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). However, the central question the Court addresses in resolving Ms. Delgado Pinto's motion is not whether the denial of bond was appropriate; the question is whether Respondents complied with the Court's order and provided Ms. Delgado Pinto with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations.

The respondents also briefly invoke another statutory limit on judicial review, which states, in relevant part: "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). However, courts have held that § 1252(a)(2)(B)(ii)—like § 1226(e)—does not apply to constitutional challenges or questions of law. *See, e.g., Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 135 (D.D.C. 2018) ("While § 1252(a)(2)(B)(ii) undoubtedly bars judicial review of individual parole decisions, courts have declined to apply it to claims

3

challenging the legality of policies and processes governing discretionary decisions under the INA."). At least to the extent Ms. Delgado Pinto argues that the bond hearing she was given does not comply with the Court's Judgment, § 1252(a)(2)(B)(ii) is not a jurisdictional bar. The Court therefore proceeds to the question of exhaustion.

### B. Exhaustion

Respondents acknowledge that no statute requires Ms. Delgado Pinto to exhaust administrative remedies before pursuing relief from this Court. "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). "In exercising that discretion, [the Court] must balance the individual and institutional interests involved, taking into account 'the nature of the claim presented and the characteristics of the particular administrative procedure provided.'" *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy*, 503 U.S. at 146). There is a "general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy*, 503 U.S. at 144–45.

The Court's interest in ensuring that its orders and judgments are followed is significant. "If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls 'the judicial power of the United States' would be a mere mockery.'" *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 796 (1987) (quoting *Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 450 (1911)).

It is true that Ms. Delgado Pinto could appeal the bond determination through the agency process, but that process could take months to complete.[1] While that appeal remained pending,

---

[1] The briefing concluded before the administrative appeal deadline expired, so the Court does not know whether Ms. Delgado Pinto pursued such an appeal.

Ms. Delgado Pinto's detention would continue. It is not clear to this Court whether the agency would even *consider* whether the bond hearing complied with the Court's conditional writ as Ms. Delgado Pinto pursued her administrative remedies.

Orders in some previous cases in this district required the exhaustion of administrative remedies when immigration detainees filed motions to enforce writs of habeas corpus. *See Mares Villagomez v. Noem*, No. 1:26-cv-00089-SEB-KMB, 2026 WL 939631 (S.D. Ind. Apr. 7, 2026); *Aguilar Gonzalez v. Maples*, No. 4:26-cv-00022-TWP- KMB, 2026 WL 1073846 (S.D. Ind. Apr. 20, 2026). Both of those cases, however, challenged the burden of proof assigned at the bond hearing, which "overlaps substantially with a specific administrative decision" because each petitioner asked the Court to find that a due process violation occurred "because the judge made a decision that was unsupported by the evidence." *Aguilar Gonzalez*, No. 4:26-cv-00022-TWP- KMB, 2026 WL 1073846, at *5; *accord Mares Villagomez*, No. 1:26-cv-00089-SEB-KMB, 2026 WL 939631, at *4. Here, the Court need not look at the immigration judge's decision itself to decide whether the conditional writ has been followed. The Court will not require exhaustion at this time.

Ms. Delgado Pinto presents two arguments in asking the Court to enforce its Judgment: (1) exclusion of Ms. Delgado Pinto's evidence means that the bond hearing that was conducted was not a meaningful § 1226(a) bond hearing, and (2) she was denied the right to be represented

at the hearing, a right which the regulations bestow. For the reasons explained below, supplementation of the record is necessary before the Court can issue a ruling.

### 1. Exclusion of Evidence

Ms. Delgado Pinto asserts that she was not given the meaningful hearing under § 1226(a) that the Court ordered because the immigration judge failed to consider any of her proffered evidence. Dkt. 17 at 2-3.

Respondents counter that the immigration judge held a hearing pursuant to 8 C.F.R. § 1236, which is the relevant regulation for a § 1226(a) bond hearing and that she considered all of the proffered evidence. Dkt. 19 at 2, 5. The immigration judge's order denying bond corroborates respondents' assertion that Ms. Delgado Pinto received *a* bond hearing, and there is *no* evidence to show that the hearing was held under anything other than § 1226(a). Whether the immigration judge provided an "individualized" hearing by considering Ms. Delgado Pinto's proffered evidence, however, is not clear. No party has submitted a transcript or recording of the hearing to the Court, so what, specifically, the immigration judge said on the topic is unknown. The Court finds, therefore, that the bond hearing was a § 1226(a) bond hearing, but the present record does not allow the Court to determine how meaningful it was.

The Court now turns to the question of whether the § 1226 bond hearing was compliant with the Court's Judgment.

### 2. Right to be Represented

Unlike in criminal proceedings, there is no right to appointed counsel under the Sixth Amendment at an immigration bond hearing. *Estrada-Hernandez v. Lynch*, 819 F.3d 324, 327 (7th Cir. 2016). Still, the regulations do provide:

> Whenever an examination is provided for in this chapter, the person involved shall have the right to be represented by an attorney or representative who shall be

6

permitted to examine or cross-examine such person and witnesses, to introduce evidence, to make objections which shall be stated succinctly and entered on the record, and to submit briefs.

8 C.F.R. § 1292.5(b); *see also* 8 C.F.R. § 1003.16(b) ("The alien may be represented in proceedings before an Immigration Judge by an attorney or other representative of his or her choice in accordance with 8 CFR part 1292, at no expense to the government."). Bond hearings are provided for in 8 C.F.R. § 1236.1(d), which is within the same chapter (Chapter V) of the regulations as § 1292.5(b). Accordingly, Ms. Delgado Pinto had the right to be represented by an attorney (at her own expense) at her bond hearing.

Whether Ms. Delgado Pinto exercised this right is less clear. Mr. Hsieh represents that he told the immigration judge that he represented Ms. Delgado Pinto, but that the immigration judge did not see his notice of appearance. Again, no party has submitted a transcript or recording of the hearing to the Court, so what transpired in the hearing is unknown.

Though Mr. Hsieh appears to state that he timely filed his appearance, which was not accepted until after the hearing, there is no clear, definitive statement that this is the actual timing of these events.

If Mr. Hsieh told the immigration judge that he represented Ms. Delgado Pinto and she could see that Mr. Hsieh's appearance was submitted for her acceptance, that suggests that Ms. Delgado Pinto was denied her regulation-given right to be represented by an attorney at her bond hearing.  Also missing from the record are the regulations that apply regarding what comprises a timely submission of appearance and the discretion to accept or deny any such appearance.

And, of course, many other scenarios are possible. The point is that, on the record the parties have provided, the Court is unable to determine the facts relevant to determining whether Ms. Delgado Pinto was denied her right to be represented.

The Court will require the parties to supplement the record. Alternatively, the parties have the option to file a joint notice that they have agreed to a new bond hearing being held, including agreement as to the approximate scheduling of the hearing and whether it is to be held before the same or a different immigration judge.

### III.    Conclusion

Based on the above, the Court **orders** the following supplements be made to the record **on or before May 22, 2026**:

1. Mr. Hsieh is to provide a supplemental declaration or other form of evidence indicating when he submitted his appearance for Ms. Delgado Pinto in the bond matter;

2. Respondents are to provide a transcript or audio recording of the hearing, and, if not contained in that record, evidence of the time that the hearing began and ended; and

3. Any party may submit evidence in addition to the above if it is relevant to the question of whether Ms. Delgado Pinto was denied the right to be represented at her bond hearing. This would include any relevant regulations concerning the judge's discretion, and what the judge actually knew at the time, whether reflected in the transcript or not.

4. Any party may also submit evidence or argument further to the Court's ruling that it will not require exhaustion at this time.

Alternatively, if the parties agree to a new bond hearing being held, including agreement as to the approximate scheduling of the hearing and whether it is to be held before the same or a different immigration judge, they may file a joint notice **on or before May 26, 2026**, indicating the same and, after the hearing is held, a joint notice within 48 hours of the hearing indicating that it was held.

**IT IS SO ORDERED.**

Date: 5/14/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

8